# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Lizzette Zambrano,

  Plaintiff,

v.

Casago International LLC, et al.,

  Defendants.

NO. CV-25-03420-PHX-SMM

**ORDER**

This matter was assigned to Magistrate Judge Eileen S. Willett. (Doc. 2). On November 26, 2025, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court.[1] (Doc. 38). The Magistrate Judge recommends that this Court grant Plaintiff's Motion to Remand. (Doc. 19). Defendants filed Objections to the R&R. (Doc.

---

[1] This case was assigned to a Magistrate Judge. However, not all parties consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

45). Plaintiff filed a Reply (Doc. 47), and Defendants filed a Sur-Reply. (Doc. 48). After considering the R&R and the objections raised by the parties thereto, the Court incorporates and adopts the Magistrate Judge's R&R.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). However, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

**DISCUSSION**[2]

Defendants object to remanding this action. (Doc. 45). First, Defendants contend that the R&R misapplies the successive removal standard because Defendants have alleged a new basis of fraudulent joinder. (Id. at 5-9). Second, Defendants challenge the Court's prior ruling finding a lack of diversity jurisdiction. (Id. at 7). Finally, Defendants contend that this Court must address Defendants' Motions to Dismiss before Plaintiff's Motion to Remand. (Id. at 4).

---

[2]  The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 38).

## A. Striking Defendants' Sur-Reply

First, the Court strikes Defendants' Sur-Reply. (Doc. 48). While Defendants adequately objected to the R&R, Defendants' "Reply to Plaintiff's Response to Objection to Report and Recommendation" (Doc. 48) is improper under applicable law.

The Federal Rules of Civil Procedure do not authorize replies in support of objections to a report and recommendation. See Fed. R. Civ. P. 72(b)(2) (permitting objections only to a R&R and a response to the objections). However, a court has "discretion" to accept further briefing, which typically sets forth new arguments or evidence. S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1314 (9th Cir. 1982).

Defendants did not seek leave to file their Sur-Reply—the seven-page filing merely reiterates arguments from prior pleadings and raises no new issues. (See Docs. 31, 45). Since Rule 72 does not permit a sur-reply and Defendants identify no new or extraordinary circumstances justifying the need of a sur-reply, the Court finds the pleading unnecessary.

Accordingly, the Court strikes Defendants' Sur-Reply from the record and will not consider it in its analysis below. (Doc. 48).

## B. Fraudulent Joinder

Second, the R&R finds that Defendants' removal relies on the same fraudulent joinder theory asserted in Defendants' prior removal. (Doc. 38 at 3); Zambrano v. Casago International LLC et al, 2:25-cv-02888-JJT (D. A.Z. Aug. 12, 2025). Defendants contend that the present removal is distinguishable because Defendant Daniel Cooney, who initiated this removal, had not been served at the time of the prior removal. (Doc. 45 at 5).

"A successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (citing Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)). Fraudulent joinder is a "heavy burden", and courts apply "a general presumption against fraudulent joinder." Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir.

2009)). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Hunter, 582 F.3d at 1044 (internal quotation marks and citation omitted). If "there is a possibility that a state court would find that the complaint states a cause of action," the joinder was proper, and remand is required. Grancare, 889 F.3d at 548. (emphasis in original). Further, mere conflicting evidence on disputed facts is insufficient to demonstrate fraudulent joinder. See Id. at 552.

The Court agrees with the R&R that Defendants have failed to demonstrate any "new or different ground" for fraudulent joinder. Reyes, 781 F.3d at 1188. Plaintiff alleges that Defendant Casago operates the booking website used to reserve the reservation and serves as property manager of Defendant Sonoran Sea Resort where the alleged wrongful death occurred. (Doc. 1-3 at ¶¶ 4, 36). Further, Plaintiff alleges that Defendant Casago "is responsible for maintaining the premises in a safe condition for guests." (Id. at ¶ 36). Defendants dispute these factual allegations through Declarations (See Doc. 31-1 at ¶ 7), however, conflicting evidence on contested facts does not establish fraudulent joinder. See Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) (holding that an inability to resolve the issue summarily indicates the removing party has not met its burden). Therefore, the Court agrees with Magistrate Judge that Defendants' declarations fail to show how Plaintiff cannot possibly prevail on its claims.

Alternatively, Defendants argue that this removal is different because Defendant Cooney had not been served during the prior removal. (Doc. 45 at 8), is an attempt to invoke "snap removal," despite not expressly using the term.[3] Notwithstanding that the Ninth Circuit has "not decided the permissibility of snap removal," Defendants' reliance on this procedure is unpersuasive. See Casola v. Dexcom, Inc., 98 F.4th 947, 964 (9th Cir. 2024).

---

[3] A "snap removal" is when "in-forum defendants in potential diversity actions . . . race to file a notice of removal before being served with process and then claim shelter under the 'properly joined and served' language in § 1441(b)(2)." Casola v. Dexcom, Inc., 98 F.4th 947, 964 (9th Cir. 2024).

This Court has previously issued a decision on the issue presented in this case:

> In the Court's view, the statutory context of § 1441(b)(2) supports the conclusion that the language 'properly joined and served as defendants' excepts from the statute's prohibition on removal those instances in which a forum defendant is fraudulently joined so as to defeat removal jurisdiction. The inclusion of "properly joined and served" does not, however, permit a forum defendant to circumvent the rule merely by removing the action prior to being served with process ... the language of § 1441(b)(2) does not permit removal in instances where a forum defendant has yet to be served, but instead applies to permit removal in cases of fraudulent joinder.

Hamm v. Dogtopia Enters. LLC, No. CV-24-01493-PHX-SMM, 2024 U.S. Dist. LEXIS 148434, at *5 (D. Ariz. Aug. 19, 2024) (citation omitted).

In this case, there have been "no amendments to the Superior Court Complaint, no change in the parties, and no intervening changes in law." (Doc. 38 at 3). The Court cannot reason that Defendant Cooney's service timeline constitutes a "different ground for removal." Reyes, 781 F.3d at 1188. The Arizona Defendants, including Defendant Cooney, are represented by the same counsel who filed the prior removal on the basis of fraudulent joinder, underscoring to the Court that Defendants are merely attempting multiple bites at the same removal argument. Further, Section 1441(b)(2) provides adequate protection against fraudulent joinder, a "heavy burden" that Defendants have failed to meet. See Grancare, 889 F.3d at 548.

Accordingly, the Court finds that Defendants are properly joined in this action.

### C.      Forum Defendant Rule

Third, Defendants challenge the Court's prior remand analysis. (Doc. 45 at 7). In its previous ruling, the Court remanded the case sua sponte, finding that the Court lacked jurisdiction because "there must be diverse Americans on both sides of the dispute for diversity jurisdiction to exist." Zambrano v. Casago International LLC et al., 2:25-cv-02888-JJT (D. Ariz. Aug. 12, 2025); (Doc. 38 at 2). Defendants contend that the Court's analysis is incorrect because diversity jurisdiction is defeated only when "there are foreign citizens on both sides." (Doc. 45 at 8).

Federal courts have "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000" and there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83 (2005); 28 U.S.C. §1332(a)(2). "Section 1332(a)(2) vests federal district courts with subject matter jurisdiction over suits involving 'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.C. § 1332(a)(2), but not over suits in which 'aliens [are] on both sides of the case[.]'" Voltage Pictures, LLC v. Gussi S.A. de C.V., 92 F.4th 815, 822 (9th Cir. 2024) (citing Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 569 (2004)). However, Section 1332(a)(3) confers "jurisdiction over suits in which aliens are on both sides of the case, but only if there are also diverse U.S. citizens on both sides." Id.; see Transure, Inc. v. Marsh and McLennan, Inc., 766 F.2d 1297, 1298–99 (9th Cir. 1985) (citing 28 U.S.C. § 1332(a)(3)).

In this matter, Plaintiff, a Texas citizen, filed this action in Arizona state court seeking $1,000,000 in damages. (See Doc. 1 at 6; Doc. 46). Defendants are citizens of Arizona, Washington, Mississippi, and Mexico. (See Docs. 12, 18). On its face, the Court has jurisdiction because the parties are diverse and no foreign citizens appear on both sides. See Voltage Pictures, 92 F.4th at 822. However, the Court remands this case under the forum defendant rule.

A district court has authority to remand under § 1447(c) on two grounds: "(1) lack of subject matter jurisdiction, or (2) 'nonjurisdictional defects'[.]" Casola, 98 F.4th at 953 (quoting Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1067 (9th Cir. 2021)). "[T]he forum defendant rule, contained in 28 U.S.C. § 1441(b)(2), prohibits removal based on diversity jurisdiction 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Id. at 950 (citing 28 U.S.C. § 1441(b)(2)). While a court may not sua sponte remand for a violation of § 1441(b)(2), a plaintiff may move to remand a case "within 30 days of removal[.]" Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 942 (9th Cir. 2006).

This action—comprised of state-law claims against in-state defendants—is precisely one to which the forum-defendant rule is intended to apply. Within 30 days of removal, Plaintiff filed the Motion to Remand invoking the forum defendant rule. (See Doc. 19 at 9). The Court sees no reason to diverge from this practice, as "diversity jurisdiction is unnecessary" because "there is less reason to fear state court prejudice[.]" Spencer v. United States Dist. Court, 393 F.3d 867, 870 (9th Cir. 2004) (citation omitted).

Accordingly, the Court finds that Defendants' in-state citizenship precludes removal jurisdiction and grants Plaintiff's Motion to Remand. (Doc. 19).

### D.    Motions to Dismiss

Finally, Defendants contend that the Court should resolve the Motions to Dismiss for Failure to State a Claim (Doc. 5) and Forum Non Conveniens (Doc. 14) before the Motion to Remand. (Doc. 45 at 4). However, since the Court has determined that removal was improper, the Court declines to address the merits of any other pending motions.

### CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 38).

**IT IS FURTHER ORDERED granting** Plaintiff's Motion to Remand. (Doc. 19).

**IT IS FURTHER ORDERED striking** Defendants' Sur-Reply to Reply to Objection to Report and Recommendation. (Doc. 48).

**IT IS FURTHER ORDERED dismissing** Defendants Motion to Dismiss for Failure to State a Claim as **moot**. (Doc. 5).

**IT IS FURTHER ORDERED dismissing** Defendants' Motion to Dismiss for Forum Non Conveniens as **moot**. (Doc. 14).

**IT IS FURTHER ORDERED directing** the Clerk of Court to remand this action to the Maricopa County Superior Court of Arizona.

///

///

Dated this 20th day of March, 2026.

_____
Stephen M. McNamee
Senior United States District Judge